UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEDABOX, LLC d/b/a ShipMonk, <br> *Plaintiff*, <br> <br> vs. <br> <br> DEPEUTER PACKAGING <br> SOLUTIONS, LLC <br> *Defendant*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:21-cv-4136 |

# **PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

## PARTIES

1. Plaintiff Bedabox, LLC d/b/a ShipMonk ("ShipMonk") is a limited liability company organized under the laws of the state of Florida and maintains its principal place of business at 201 NW 22nd Avenue, Unit 100, Fort Lauderdale, Florida 33311. Plaintiff may be served with process through its undersigned counsel of record.

2. Defendant DePeuter Packaging Solutions, LLC ("DPPS") is a limited liability company organized under the laws of the state of Texas and maintains its principal place of business at 14814 Park Alameda Drive, Houston, Texas 77047. Defendant DePeuter Packaging Solutions, LLC may be served with process through its registered agent for service, Edgar DePeuter, 14814 Park Alameda Drive, Houston, Texas 77047.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 ("diversity jurisdiction").

4. Plaintiff, a Florida LLC, is 100% owned by ShipMonk, Inc. ShipMonk, Inc. is a Delaware corporation, with its principal place of business in Fort Lauderdale, Florida. As such, Plaintiff is a citizen of the States of Delaware and Florida.

5. Defendant is a Texas LLC with one member. Defendant's only member is Edgar DePeuter who is an individual domiciled in Texas. Accordingly, Defendant is a citizen of Texas.

6. The amount in controversy exclusive of interest and costs, exceeds $75,000.

7. The requirements for diversity jurisdiction are met in this case because Plaintiff and Defendant are completely diverse in citizenship, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

8. The Court has personal jurisdiction over Defendant DPPS because, *inter alia*, Defendant DPPS is a Texas limited liability company whose principal place of business in Texas. Additionally, Defendant DPPS was to perform (and did perform) under its contract with Plaintiff ShipMonk in whole or in part in Texas. This case arises out of that business.

9. Venue is proper in this case because the Southern District of Texas is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

10. Plaintiff ShipMonk provides order fulfillment services to clients in the eCommerce industry through its warehouse facilities, including warehouses located in Fort Lauderdale, Florida (the "Florida Facility") and San Bernardino, California (the "California Facility").

11. As part of its work at the Florida Facility and California Facility, ShipMonk must assemble thousands of cases to fulfill customer orders.

12. ShipMonk approached DPPS regarding provision of an integrated robotic case-erecting system (the "Case System") to erect and seal cases of various sizes.

13. ShipMonk informed DPPS that it needed a robotic case-erecting system capable of erecting a large quantity of various sizes quickly.

14. In response to ShipMonk's inquiry, DPPS provided Quote PP03112001_5 related to a two Case Systems that DPPS provided to ShipMonk (the "Quote"). The Quote states DPPS is proposing to provide a "robotic case erecting

system, that is guaranteed to be capable of erecting to 10-12 cases per minute, from the A position." Additionally, the Quote provides as follows:

> \*\*\* The purchased system is eligible for a return with full refund if 3 months after installation there are still mechanical issues that cannot be fixed within 1-2 hours of occurrence, and or the system is not capable of erecting to 10-12 cases per minute, from the A position.

15. Based upon DPPS's express representations in the Quote regarding the Case System's case erecting capabilities, which are outlined above, ShipMonk agreed to purchase two (2) Case Systems from DPPS. One of the Case Systems was going to be located in ShipMonk's Florida Facility, and the second case system was going to be located at ShipMonk's California Facility.

16. Following installation of one of the Case System at ShipMonk's Florida Facility, ShipMonk began to observe frequent, serious issues with the Case System that prevented the Case System from functioning as intended. Due to these ongoing issues, ShipMonk requested that DPPS send service engineers to the Florida Facility to work on the Case System. On July 15 and 16, 2021, two (2) DPPS service engineers and one (1) DPPS electrician did repair and maintenance work at the Florida Location on the case system.

17. On July 22, 2021, ShipMonk's employees ran a test to determine if the Case System was capable of meeting the guaranteed production rate from the Quote. Over the course of a ninety-two (92) minute test, the Case System, which had

allegedly been repaired by DPPS' service engineers less than a week before, was only capable of erecting 142 boxes.

18. On September 28, 2021, ShipMonk's employees ran another test to again assess the Case System's box erecting capabilities. In the September 28, 2021 test, the Case System erected 97 boxes from the "A" position in 92 minutes. Based upon DPPS' guarantee in the Quote, the Case System should have erected a minimum of 920 boxes.

19. It is evident that, despite DPPS' efforts to repair the Case System in Florida, the Case System is not capable of meeting the guaranteed production rate from the Quote. As the Case System DPPS delivered to the California location is identical to the Case System in the Florida location, ShipMonk fully expects that the California location Case System will also not meet the guaranteed production rate from the Quote.

## CAUSES OF ACTION

### Count One:
### Breach of Contract

20. ShipMonk incorporates by reference each and every allegation contained in Paragraphs 1 through 19 as though fully set forth herein.

21. The conduct of the Defendant described above states a cause of action for breach of contract entitling ShipMonk to a money judgment.

22. The Quote provided by DPPS to ShipMonk is a valid and enforceable contract.

23. Under the express terms of the Quote, DPPS was to provide a Case System capable of erecting 10-12 cases per minute.

24. There is no dispute that the Florida Facility's Case System is not capable of erecting 10-12 cases per minute.

25. ShipMonk paid for the Case Systems delivered to the Florida Facility and the California Facility.

26. DPPS breached the Quote by providing a Case System which does not meet the guaranteed production rate promised in the Quote.

27. DPPS' breach of the Quote caused ShipMonk damage in the form of amounts ShipMonk paid to DPPS for the two (2) Case Systems at the Florida Facility and California Facility, a sum which now stands at $387,500.00, exclusive of interest, costs, and attorney's fees.

28. ShipMonk is entitled to recover those damages that have resulted from DPPS's breach.

**Count Two:**
**Breach of Express Warranty**

29. ShipMonk incorporates by reference each and every allegation contained in Paragraphs 1 through 28 as though fully set forth herein.

30. The conduct of the Defendant described above states a cause of action for breach of an express warranty entitling ShipMonk to a money judgment.

31. The Quote provided by DPPS expressly states that the two Case Systems supplied to ShipMonk are capable of erecting 10-12 cases per minute.

32. ShipMonk relied on this representation in agreeing to purchase the two (2) Case Systems from DPPS believing the Case Systems would be capable of erecting the guaranteed 10-12 cases per minute.

33. DPPS's representation of the capability of the Case System erecting 10-12 boxes per minute became part of the basis of the bargain for ShipMonk in purchasing the two (2) Case Systems.

34. There is no dispute that the Florida Facility's Case System is not capable of erecting the guaranteed 10-12 boxes per minute.

35. ShipMonk paid for the Case Systems delivered to the Florida Facility and the California Facility.

36. DPPS breached the Express Warranty by providing a Case System which does not meet the guaranteed production rate promised in the Quote.

37. DPPS's breach of the express warranty caused ShipMonk damage in the form of amounts ShipMonk paid to DPPS for the two (2) Case Systems at the Florida Facility and California Facility, a sum which now stands at $387,500.00, exclusive of interest, costs, and attorney's fees.

38. ShipMonk is entitled to recover those damages that have resulted from DPPS's breach.

### Count Three:
### Breach of Implied Warranty of Merchantability

39. ShipMonk incorporates by reference each and every allegation contained in Paragraphs 1 through 38 as though fully set forth herein.

40. The conduct of the Defendant described above states a cause of action for breach of the implied warranty of merchantability entitling ShipMonk to a money judgment.

41. DPPS regularly sells integrated robotic case-erecting systems like the Case Systems supplied to ShipMonk.

42. DPPS is a merchant of integrated robotic case-erecting systems.

43. The Quote includes an implied warranty that the goods provided shall be merchantable.

44. For goods to be merchantable, the goods must be fit for the ordinary purpose they are used and must run within the variations permitted by the agreement.

45. DPPS breached the implied warranty of merchantability by providing a Case System to ShipMonk which is not merchantable as it does not erect a sufficient number of cases to be fit for the ordinary purpose of erecting a large quantity of case at the set rate of 10-12 cases per minute.

46. DPPS breached the implied warranty of merchantability by providing a Case System to ShipMonk which is not merchantable as it does not run within the variations provided by the Quote.

47. DPPS's breach of the implied warranty of merchantability caused ShipMonk damage in the form of amounts ShipMonk paid to DPPS for the two (2) Case Systems at the Florida Facility and California Facility, a sum which now stands at $387,500.00, exclusive of interest, costs, and attorney's fees.

48. ShipMonk is entitled to recover those damages that have resulted from DPPS's breach.

## Count Four:
## Breach of Implied Warranty of Fitness for Particular Purpose

49. ShipMonk incorporates by reference each and every allegation contained in Paragraphs 1 through 48 as though fully set forth herein.

50. The conduct of the Defendant described above states a cause of action for breach of the implied warranty of fitness for particular purpose entitling ShipMonk to a money judgment.

51. Prior to receiving the Quote from DPPS, ShipMonk informed DPPS that the purpose of the case system was to erect a large quantity of various sized cases at a high rate of speed.

52. At the time that DPPS provided the Quote to ShipMonk, DPPS knew the purpose ShipMonk intended to use the Case Systems for.

53. At the time that DPPS provided the Quote to ShipMonk, DPPS also knew that ShipMonk was relying on DPPS's skill to select and quote suitable integrated robotic case-erecting systems to meet ShipMonk's needs.

54. The Quote included an implied warranty that the goods supplied by DPPS would be fit for the case erecting purpose described by ShipMonk.

55. DPPS breached the implied warranty of fitness for particular purpose by selecting and supplying integrated robotic case-erecting systems which did not fulfill ShipMonk's described purpose.

56. DPPS' breach of the implied warranty of fitness for particular purpose caused ShipMonk damage in the form of amounts ShipMonk paid to DPPS for the two (2) Case Systems at the Florida Facility and California Facility, a sum which now stands at $387,500.00, exclusive of interest, costs, and attorney's fees.

57. ShipMonk is entitled to recover those damages that have resulted from DPPS's breach.

## CONDITIONS PRECEDENT

58. ShipMonk hereby alleges that all conditions precedent have occurred or been satisfied.

## DEMAND FOR JURY TRIAL

59. ShipMonk hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

## ATTORNEY'S FEES, COSTS, EXPENSES, AND INTEREST

60. ShipMonk hereby expressly demands, pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, the recovery of its reasonable and necessary attorney's fees. *See* **Tex. Civ. Prac. & Rem. Code § 38.001 et seq.**

61. ShipMonk further demands pre- and post-judgment interest at the maximum allowable rates under applicable law.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff Bedabox, LLC d/b/a ShipMonk respectfully prays that the Court enter judgment in ShipMonk's favor on all counts and award ShipMonk:

- actual damages in the amount of $387,500.00;

- pre-judgment and post-judgment interest thereon in the maximum allowable amounts permitted under applicable law;

- ShipMonk's reasonable and necessary attorney's fees in accordance with Chapter 38 of the Texas Civil Practice and Remedies Code; and

- costs of Court; and

- Any and all additional relief to which it may show itself justly entitled, either at law or in equity.

RESPECTFULLY SUBMITTED,

BRADLEY ARANT BOULT CUMMINGS, LLP

By: */s/ Justin T. Scott*
Justin T. Scott
jscott@bradley.com
Texas State Bar No. 24070578
Molly C. Maier
mmaier@bradley.com
Texas State Bar No. 24121574
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
 (713) 576-0301 Telecopier

**COUNSEL OF RECORD AND ATTORNEY-IN-CHARGE FOR PLAINTIFF BEDABOX, LLC D/B/A SHIPMONK**