UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEDABOX, LLC d/b/a Shipmonk, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-4136 |
| | § | |
| DEPEUTER PACKAGING | § | |
| SOLUTIONS, LLC | § | |
|    *Defendant.* | § | |

**DEFENDANT DEPEUTER PACKAGING SOLUTIONS LLC'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, DePeuter Packaging Solutions LLC ("Defendant") states as follows in response to the allegations in the Amended Complaint and Jury Demand ("Complaint") of Plaintiff Bedabox, LLC d/b/a ShipMonk ("Plaintiff").

**ADMISSION OR DENIAL OF ALLEGATIONS**

**Parties**

1. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 1.

2. With respect to the allegations in paragraph 2, Defendant admits that it is a Texas Limited Liability Company with its registered agent is Edgar DePeuter, at registered address 14814 Park Alameda Dr., Houston, Texas 77047, but denies the balance of the allegations in paragraph 2.

**Jurisdiction and Venue**

3. Defendant admits that it is subject to diversity Jurisdiction under 28 U.S.C. § 1332 with respect to the present case, but denies the balance of the allegations in paragraph 3.

4. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 4.

5. With respect to the allegations in paragraph 5, Defendant admits that it is a Texas Limited Liability Company with one member, Edgar DePeuter, who is domiciled in Texas, but denies the balance of the allegations in paragraph 5.

6. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 6.

7. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 7.

8. Defendant admits that the Court has personal jurisdiction over it with respect to the present case, but denies the balance of the allegations in paragraph 8.

9. Defendant admits that venue is proper in this district and division but denies the balance of the allegations in paragraph 9.

## Factual Allegations

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10.

11. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 11.

12. With respect to the allegations in paragraph 12, Defendant admits that Plaintiff approached Defendant regarding provision of an integrated robotic case-erecting system (the "Case System"), but denies the balance of the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. With respect to the allegations in paragraph 14, Defendant admits that Defendant provided Plaintiff Quote PP03112001_5 (the "Quote"), but denies the balance of the allegations in paragraph 14.

15. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 15.

16. With respect to the allegations in paragraph 16, Defendant admits that Plaintiff requested Defendant send service engineers, that Defendant did send service engineers, and that said service engineers did repair and maintenance work at the Florida Location, but denies the balance of the allegations in paragraph 16.

17. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 17.

18. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

## CAUSES OF ACTION

### Count One:
### Breach of Contract

20. Defendant incorporates by reference its answers to paragraphs 1 through 19 above as if fully set forth herein.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant admits to the allegations in paragraph 23, but denies the balance of the allegations so far as they imply that such production is capable without possible service by Defendant.

24. Defendant denies the allegations in paragraph 24

25. Defendant denies the allegation in paragraph 25. Specifically, Plaintiff still has a balance due for the California Case System.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

## Count Two:
## Breach of Express Warranty

29. Defendant incorporates by reference its answers to paragraphs 1 through 28 above as if fully set forth herein.

30. Defendant denies the allegations in paragraph 30.

31. Defendant admits to the allegations in paragraph 31, but denies the balance of the allegations so far as they imply that such production is capable without possible service by Defendant.

32. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 32.

33. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegation in paragraph 35. Specifically, Plaintiff still has a balance due for the California Case System.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

## Count Three:
## Breach of Implied Warranty of Merchantability

39. Defendant incorporates by reference its answers to paragraphs 1 through 38 above as if fully set forth herein.

40. Defendant denies the allegations in paragraph 40.

41. Defendant admits the allegation in paragraph 41.

42. Defendant admits the allegation in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

## Count Four:
## Breach of Implied Warranty of Fitness for Particular Purpose

49. Defendant incorporates by reference its answers to paragraphs 1 through 48 above as if fully set forth herein.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51. Specifically, Plaintiff told Defendant only case size and requested rate.

52. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

## CONDITIONS PRECEDENT

58. Defendant denies the allegations in paragraph 58.

## DEMAND FOR JURY TRIAL

59. The allegations in paragraph 59 do not require a response from Defendant.

## ATTORNEY'S FEES, COSTS, EXPENSES AND INTEREST

60. Defendant admits that Plaintiff demands recovery of its reasonable and necessary attorneys fees, but lacks sufficient knowledge or information to admit or deny the balance of the allegations in paragraph 60.

61. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 61.

## PRAYER FOR RELIEF

62. Defendant denies the allegations in the Prayer and each of its subparts and further denies Plaintiff's alleged entitlement to the relief sought therein.

63. Any allegation in the Complaint not specifically addressed in paragraphs 1 through 62 of this answer is denied.

## AFFIRMATIVE DEFENSES

Subject to and without waiver of the foregoing, Defendant alleges the following additional or alternative defenses.

### First Defense

64. Defendant is not in breach of contract because there was not a valid contract between Plaintiff and Defendant based on a lack of meeting of the minds.

### Second Defense

65. Defendant is not in breach of contract because there was not a valid contract between Plaintiff and Defendant based on a mistake of one or both parties.

### Third Defense

66. Defendant is not in breach of contract because Plaintiff has not fulfilled one or more conditions precedent to claiming breach by Defendant. Specifically, Plaintiff has not installed the

Case System (as that term is defined in the Complaint) at the California Location (as that term is defined in the Complaint).

### Fourth Defense

67. Defendant is not in breach of contract because Plaintiff has not fulfilled one or more conditions precedent to claiming breach by Defendant. Specifically, Plaintiff signed off on service performed on July 15-16, 2021, and subsequently Plaintiff failed to notify Defendant and request service on the Case Systems, in order for Defendant to attempt to service the Case Systems, as required.

### Fifth Defense

68. Defendant is not in breach of contract because Plaintiff failed to notify Defendant within a reasonable time after it discovered or should have discovered breach, and is therefore barred from any remedy under Tex.Bus.Comm.Code 2.607(c)(1).

### Sixth Defense

69. Defendant is not in breach of any express or implied warranties because Plaintiff failed to notify Defendant within a reasonable time after it discovered or should have discovered breach, and is therefore barred from any remedy under Tex.Bus.Comm.Code 2.607(c)(1).

### Seventh Defense

70. Defendant is not in breach of any Express Warranties because all Express Warranties, except those related to title and quality, were validly disclaimed in the contract, and the express warranties claimed by Plaintiff in Complaint were not related to title or quality.

### Eighth Defense

71. Defendant is not in breach of the Implied Warranty of Merchantability because the Implied Warranty of Merchantability was validly disclaimed in the contract.

### Ninth Defense

72. Defendant is not in breach of the Implied Warranty of Fitness for Particular Purpose because the Implied Warranty of Fitness for Particular Purpose was validly disclaimed in the contract.

### PRAYER

WHEREFORE, having fully answered the Complaint and having set further its additional defenses, Defendant DePeuter Packaging Solutions, LLC prays Plaintiff Bedabox, LLC d/b/a ShipMonk take nothing by its claim, that Defendant recover its costs, and have such other further relief, at law or in equity, as to which it may be justly entitled.

Respectfully Submitted,

  /s/ Tyler McConnell /s/
Tyler McConnell, Esq.
TBA: 24081033
Holmes Law PLLC
3773 Richmond Ave., Ste 555
Houston, Texas 77046
Ph: 832-358-3270
email: tyler@holmespllc.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The Undersigned certifies that on January 19, 2022 all counsel who consent to electronic service are being served with a copy of this document via the Court's CM/ECF system per FED.R.CIV.P. 5(b)(2)(E).

/s/ Tyler McConnell
Tyler McConnell
